# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 889

U. S. CASUALTY CO. v. THRUSH

Ohio Appeals, 2nd Dist., Franklin Co.

Decided March 20, 1926

292. CONSTRUCTION—When a contract of insurance is entered into where the terms thereof are made by the insurer, interpretation by the courts will be more favorable to the insured.

647. INSURANCE—Fact that insured had arteriosclerosis which is favorable to the development of gangrene, will not preclude beneficiary to collect thereon, when such a disease was incident to age of insured at the time policy was issued.

ALLREAD, J.

Pauline Thrush brought suit upon an accident insurance policy issued by the U. S. Casualty Co. insuring her husband from injury or death resulting from accident or external violence. The policy further provided that it does not cover accidental bodily injury caused or contributed to by disease or sickness.

The facts are that George Thrush, the husband, tripped upon a riser of a step while going to his office, and injured his toe. Gangrene set in soon after the injury and some eight days later he died. An autopsy was made some two weeks later by three doctors and some traces of arteriosclerosis were found and it is therefore claimed that this disease so aggravated the injury that it came within the second provision of the policy stated above.

There was some disagreement among the doctors as to the amount of the disease and as to whether it aggravated the injury. Judgment was had in the Franklin Common Pleas for Thrush and error was prosecuted by the Casualty Co. to reverse said judgment. The Court of Appeals held:

1. Policies of insurance which are prepared by the insurance company and which are reasonably open to different interpretations will be considered most favorably to the insured.

2. Courts having in mind the intention of the parties will give the language of the contract the meaning that was in the minds of the parties and which will effectuate their object in entering therein.

3. In the case at bar the insured was 60 years of age and as scelerosis is usually found in persons of this age, it would be unfair and unreasonable to invalidate the policy on the ground that ordinary diseases incident to advancing years make serious results more probable from accidents.

4. The scelerosis was not the cause of death, the accident caused the gangrene and it in turn caused death and therefore the accident was the causa causans, the jury thereupon finding that the accident was the sole cause of the death.

Judgment affirmed and rehearing denied.

Attorneys—Watson, Davis & Joseph for Casualty Co.; Wilson & Rector for Thrush; all of Columbus.